IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA      :
          :
        v.         :      CRIMINAL ACTION NO.
          :      1:09-CR-025-TCB-CCH-8
HERNANDO VALENCIA-MUNOZ   :
          :

## REPORT AND RECOMMENDATION

Defendant Hernando Valencia-Munoz ("Defendant") is charged in the indictment, along with seventeen co-defendants, with one count of conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h) (Count 1); one count of conspiracy to willfully aid and abet the distribution of at least five kilograms of a mixture containing cocaine, and other controlled substances, by and through the act of money laundering, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(b)(1)(A)(ii), 841(b)(1)(C), and 846 (Count 2), and multiple counts of money laundering with the intent to promote the unlawful trafficking of controlled substances, in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(i), and 1956(a)(1)(B)(I) (Counts 28-67).[1]

---

[1] The indictment charges the defendants with 144 counts total, including 142 separate counts involving alleged specific incidents of money laundering, but Defendant Valencia-Munoz is charged only in Counts 1, 2, and 28-67.

This action is before the Court on Defendant's Motion to Dismiss for Lack of Venue [137] ("Motion to Dismiss"). The Government filed a response brief [185] to the Defendant's Motion to Dismiss on October 14, 2010, and Defendant filed a reply brief entitled "Rebuttal on Lack of Venue Motion" [188] on October 23, 2010, at which time the Motion to Dismiss was submitted to the undersigned for resolution. Having reviewed the briefs and arguments of the parties, for the reasons set forth below, the undersigned **RECOMMENDS** that Defendant's Motion To Dismiss [137] be **DENIED**.

## BACKGROUND FACTS

The Indictment was issued on January 21, 2009, against Defendant and his co-defendants and alleges that the defendants began engaging in a conspiracy to commit acts of money laundering on or before February of 2005 that continued through the date of the Indictment. Indictment [1] at 2. The Indictment further alleges that the defendants engaged in this conspiracy to commit money laundering within the Northern District of Georgia as well as in Colombia, South America; the Dominican Republic; Freeport, Bahamas; Guatemala City, Guatemala; London, England; Mexico City, Mexico; Miami, Florida; Montego Bay, Jamaica; New York, New York; San Juan, Puerto Rico; Sydney, Australia; Tenerife, Spain, and elsewhere. Id. The

Indictment alleges that the defendants committed acts of money laundering by depositing proceeds from illegal drug trafficking into bank accounts with financial institutions located in the Northern District of Georgia, or by depositing the proceeds in financial institutions elsewhere and then electronically transferring the funds to financial institutions in the Northern District of Georgia.  Id. at 4-5.  The Indictment also alleges that the defendants engaged in a conspiracy in the Northern District of Georgia and elsewhere to aid and abet the distribution of controlled substances by and through the act of money laundering.  Id. at 5-6.  Specifically, the Indictment charges that Defendant Valencia-Munoz committed several acts of money laundering between June 16, 2006, and January 4, 2007, involving the transfer of funds from, or into, financial institutions in the Northern District of Georgia.  Id. at 12-22.

## DISCUSSION

Defendant Valencia-Munoz argues in his Motion to Dismiss [137] that the Court should dismiss all counts in the Indictment asserted against him because the Government has failed to provide any discovery to Defendant that indicates that any overt act alleged in the Indictment occurred in the Northern District of Georgia. Defendant requests that the Court hold a hearing to determine whether the Government can establish that venue is properly in this district with respect to each

3

count in which the Defendant is named, and, if the Government cannot meet its burden to establish venue, that the Court dismiss all the counts charged against Defendant. In response, the Government argues that the Indictment properly alleges that several overt acts taken in furtherance of the conspiracy were committed in the Northern District of Georgia, and thus, the Indictment has sufficiently alleged that venue is proper in this district.  The Court agrees with the Government and finds that the Indictment has set forth sufficient allegations to establish that venue is proper in the Northern District of Georgia.

A defendant challenging the sufficiency of the charges set forth in an indictment cannot succeed by arguing that the Government is unable to *prove* the allegations against him; instead, the allegations contained in the indictment must be taken as true by the court in determining whether the indictment has sufficiently alleged the offense charged.  United States v. Mann, 517 F.2d 259, 266 (5th Cir. 1975) (*citing* United States v. Sampson, 371 U.S. 75, 78-79 (1962)).[2]  "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally

---

[2]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits."  Mann, 517 F.2d at 266 (*citing* Costello v. United States, 350 U.S. 359, 363 (1956)).

Furthermore, it is well settled that venue is an "essential element of the government's proof at trial." United States v. Snipes, 611 F.3d 855, 865 (11th Cir. 2010); see also United States v. Breitweiser, 357 F.3d 1249, 1253 (11th Cir. 2004); United States v. Schlie, 122 F.3d 944 (11th Cir. 1997).  "The Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure guarantee defendants the right to be tried in the district in which the crime was committed." Breitweiser, 357 F.3d at 1253; see also Snipes, 611 F.3d at 866.  When a defendant is charged with participating in a conspiracy, he may be prosecuted in the district where the conspiracy was formed or in any district in which an overt act was committed in furtherance of the object of the conspiracy.  United States v. Barnes, 681 F.2d 717, 722 (11th Cir. 1982); see also United States v. Lewis, 676 F.2d 508, 512 (11th Cir. 1982) ("Venue is proper in any district in which the offense was committed . . . and the offense of conspiracy is 'committed' in any district in which an overt act is performed in furtherance of the conspiracy. . . .  [W]here a criminal conspirator commits an act in one district which is intended to further a conspiracy by

virtue of its effect in another district, the act has been committed in both districts and venue is properly laid in either."); United States v. DeLeon, 641 F.2d 330, 336 (5th Cir. Unit A Apr. 1981) ("Because a conspiracy may be 'committed' in a number of places, particularly when it is pursued by overt acts in different locations, allowing the prosecution to choose among the relevant forums is permissible under the sixth amendment . . . .").

In the instant action, as set forth above, the Indictment alleges that the defendants engaged in a conspiracy to commit money laundering in the Northern District of Georgia, and specifically alleges that Defendant Valencia-Munoz engaged in several acts of money laundering that involved the transfer of the proceeds from drug trafficking either into, or out of, bank accounts at financial institutions in the Northern District of Georgia. "'On its face, an indictment alleges proper venue if it alleges facts which, if proven, would sustain venue in the district alleged." United States v. Delgado-Nunez, 295 F.3d 494, 499 n.12 (5th Cir. 2002) (quoting United States v. Ruelas-Arreguin, 219 F.3d 1056, 1060 (9th Cir. 2000)); see also United States v. Bohle, 445 F.2d 54. 59 (7th Cir. 1971) ("An indictment alleges proper venue when it alleges facts which, if proven, would sustain venue."), overruled on other grounds, United States v. Lawson, 653 F.2d 299 (7th Cir. 1981). Because the

Indictment alleges that the conspiracy occurred in the Northern District of Georgia, and further alleges that several overt acts of money laundering taken in furtherance of the conspiracy occurred in the Northern District of Georgia, the Indictment sufficiently alleges venue in this district.

Defendant nevertheless argues that the Government has failed to provide any discovery to him that *proves* that any of the overt acts in furtherance of the conspiracy occurred in the Northern District of Georgia, and Defendant requests that this Court hold a hearing to determine whether the Government can properly establish venue in this district.  Defendant has failed to cite to any authority holding that he is entitled to a hearing on the issue of venue, however, and the Court rejects Defendant's argument that he is entitled to a hearing on this issue.  "As with resolving other important elements contained in a charge, a jury must decide whether the venue was proper."  Snipes, 611 F.3d at 866 (*citing* Green v. United States, 309 F.2d 852, 857 (5th Cir. 1962) ("We hold that the trial court erred in failing to submit the question of venue to the jury.")).  Indeed, in Snipes, the Eleventh Circuit expressly stated that "it would not have been proper for the district court to find the appropriate venue in a pretrial evidentiary hearing."  Snipes, 611 F.3d at 866.

> "Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir.1987). To permit preliminary trials on essential facts, post-indictment, would "run counter to the whole history of the grand jury institution, . . . [and] would result in interminable delay but add nothing to the assurance of a fair trial." *Costello*, 350 U.S. at 363-64, 76 S. Ct. 406. . . .  There was no abuse of discretion in refusing to grant a novel pretrial, post-grand jury hearing to challenge the claimed venue found in a facially sufficient indictment.

Id. at 866-67; see also United States v. John, 2010 WL 3958363 at *2 (N. D. Fla. Oct. 7, 2010) (slip op.) ("The government's obligation is to establish venue *at trial*, not in response to a pretrial motion to dismiss.  An indictment is sufficient if it alleges–as this one does–that the offense was committed in the district of prosecution; a dispute on that score cannot properly be resolved on a pretrial motion to dismiss." (emphasis in original)).

After the close of the Government's case at trial, the Defendant may seek to challenge the sufficiency of the evidence at that time by moving for an acquittal on the ground that the Government failed to meet its burden of proving venue.  See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("Because [the defendant] was properly indicted, the government is entitled to present its evidence at trial and have its sufficiency tested by motion for acquittal pursuant to Federal Rule

8

of Criminal Procedure 29.").  Defendant is not entitled to any preliminary hearing on the issue of venue, however, and the Government must be afforded an opportunity to present evidence to the jury at trial that the acts alleged in the Indictment occurred in the Northern District of Georgia.

## **RECOMMENDATION**

For the above reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss for Lack of Venue [137] be **DENIED**.

IT IS SO RECOMMENDED this 26th day of October, 2010.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE